Pearson, C. J.
 

 His Honor very properly instructed the jury, that as the plaintiff alleged the defendant had practiced a fraud on him, he (the plaintiff) was bound to prove the allegation, and if he had failed in making the proof, as a matter of course, the issue should be found against him. Here, he might have stopped, but in truth, what he adds, taken in connection with the preceding sentence, is simply the expression, in different words, of the same idea, to wit, that the burthen of proof was on the plaintiff Fraud is presumed, in some instances, by a court of equity, e. g., where one deals with another, who is dependant on him from the relation existing
 
 *110
 
 between them; bat at law, the rule is, fraud is never presumed, and he 'who alleges fraud must prove it.
 

 This disposes of the case; but, as an isolated proposition, we take it to be true, that-every one is presumed to be honest in his dealings, until the contrary is proved; in the same sense, that every one is presumed to be
 
 compos mentis
 
 ; that is, we take it for granted, he is so, until the contrary is proven ;Hor instance, one who alleges the execution of a deed or will, impliedly alleges that the maker had mental capacity, and on proof of the formal execution of the instrument, the capacity is taken for granted, in the absence of evidence to the contrary. It is, however, unnecessary to enter upon this question, as it is a mere matter of speculation, for in our case, the onus of proof being on the plaintiff, it was for him to satisfy the jury that a fraud had been practiced' by the defendant. There certainly is no presumption of -law, that every man is dishonest in his-dealings, until the-contrary is proved, and$ without the aid of such a presumption, the plaintiff could not be subjected to the
 
 o'ims proTxmdi,
 
 which is the principle of law that governs all cases where the evidence does not- preponderate on the one side ox* the other. There is no errox-i
 

 Per Curiam,
 

 Judgmént affhinedi